# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Leland Oil & Gas, LLC, and K and R Roustabout, Inc., | ) ) ) | |
| Plaintiffs, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| Marsha Azar and Saul Azar dba Illinois Energy, and Bensun Energy, LLC, | ) ) ) | Case No. 1:14-cv-161 |
| Defendants. | ) | |

Before the court is a "Motion for Default Judgment Against Defendant Bensun Energy, LLC" filed by Plaintiff Leland Oil & Gas, LLC ("Leland") on August 6, 2015. (Doc. No. 26). For the reasons set forth below, the undersigned recommends that the motion be denied without prejudice. Additionally, for the sake of judicial economy, the undersigned recommends that Leland's motion be construed as a request for entry of default and that the Clerk be directed to enter default against Bensun pursuant to Fed. R. Civ. P. 55(a)

## I.   BACKGROUND

The above-entitled action was directly assigned to the undersigned upon its initiation in December 2014. Plaintiffs and Defendants Marsha and Saul Azar, d//b/a Illinois subsequently consented to having the undersigned conduct all further proceedings and enter final judgment pursuant to 28 U.S.C. § 636(c). (Docket Nos. 7 (Consent/Reassignment Form executed by Plaintiffs) and 23 (Scheduling/Discovery Plan, ¶ 16)).

The record reflects that Defendant Bensun Energy, LLC ("Bensun") was served on January 24, 2015. However, it has neither filed an answer nor otherwise responded. On August 6, 2015,

1

Leland filed a motion for entry of default judgment against Bensun.

Because the record is devoid of any clear and unambiguous expression of Bensun's consent to the undersigned's exercise of jurisdiction, the undersigned makes the following recommendation as to how the court should construe/dispose of Leland's motion.  See Henry v. Tri-Services, Inc., 33 F.3d 931, 932 (8th Cir. 1994) (holding that a magistrate judge lacked authority to enter final judgment where the record contained no clear statement of consent by a party which had not yet entered appearance in the action); see also Jack Tyler Eng'g Co. v. Colfax Corp., No. 10–02373, 2011 WL 384614, at *4 (W.D. Tenn. Feb. 3, 2011) (holding that a magistrate lacked jurisdiction to enter default judgment absent defendant's consent); Vogel v. U.S. Office Prod. Co., 258 F.3d 509, 515 (6th Cir. 2001) (citing 28 U.S.C. § 636(c)(1) for the proposition that "[o]nly in cases where parties consent to a magistrate judge's exercise of plenary jurisdiction, may the magistrate judge issue effective rulings on all matters, including dispositive motions.").

## II.     DISCUSSION AND RECOMMENDATION

Bensun was served with a copy of the summons and complaint through its registered agent on January 24 2014.  (Docket No. 13)  Such service appears to be in compliance with Rule 4 of the Federal Rules of Civil Procedure.  Bensun had twenty-one (21) days from the date of service to file an answer or otherwise file a responsive motion.  See Fed. R. Civ. P. 12(a) and (b).

On August 6, 2015, Leland filed a "Motion for Default Judgment Against Defendant Bensun, Energy, LLC" pursuant to Fed. R. Civ. P. 55.  It avers: (1) Bensun was properly served; (2) following service, Leland's counsel twice had contact with Bensun's owner and in each instance advised Bensun's owner that Bensun needed to formally respond to Leland's complaint; (3) Bensun has to date failed to file an answer or otherwise file a responsive motion.

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining a default judgment. First, when a defendant has failed to plead or otherwise defend, the clerk is authorized to enter default. Fed. R. Civ. P. 55(a). Second, after entry of default by the Clerk, if the plaintiff's claim is not for a sum certain and defendant is not a minor or incompetent person, the court can enter default judgment against defendant for not appearing or defending. Fed. R. Civ. P. 55(b)(2).

It is well settled that the "[e]ntry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b)." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (internal quotation marks omitted). These two steps are not subject to consolidation. See id. (drawing a distinction between a motion to set aside entry of default and a motion to set aside default judgment); see also Gold'n Plump Farms Ltd. P'ship, LLP v Midwest Warehouse & Distrib. Sys., Inc., No. 12-3198, 2014 WL 107777, at *3-4 (D. Minn. Jan. 10, 2014) (rejecting the plaintiff's proposition that the court was authorized to consolidate the entry of default with the entry of default judgment); Rowley v. Morant, 276 F.R.D. 669, 670 (D.N.M. 2011) ("While no published case from the Tenth Circuit has held that this process is mandatory, the clear weight of authority holds that a party must seek entry of default by the clerk before it can move the court for default judgment."); Bardfield v. Chisolm Prop. Cir. Events, LLC, No. 3:09cv23, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) ("The law is clear that these two separate steps [entry of default and default judgment] cannot be combined into one."); Travelers Cas. and Sur. Co. of Am., Inc., v. East Beach Dev., LLC, No. 07-0347, 2007 WL 4097440, at *2 (S.D. Ala. Nov. 14, 2007) (denying plaintiff's motions for default judgment without prejudice to refile them after plaintiff had applied for and obtained a clerk's entry of default); Ramada Franchise Sys., Inc., v Baroda Enter., LLC, 220 F.R.D. 303, 304

(N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").

As Leland did not request, and the Clerk has not entered, default against Bensun pursuant to Rule 55(a), Leland's motion for entry of default judgment is procedurally improper. Consequently, the undersigned **RECOMMENDS** that court **DENY** Leland's motion for entry of default judgment (Docket No. 26) without prejudice. The undersigned further **RECOMMENDS** that, in the interest of judicial economy, the court construe Leland's motion as a request for entry of default and direct the Clerk to enter default against Bensun pursuant to Fed. R. Civ. P. 55(a).

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 4th day of November, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court