IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Leland Oil & Gas, LLC, and K and R Roustabout, Inc., | ) ) ) | |
| Plaintiffs, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| Marsha Azar and Saul Azar dba Illinois Energy, and Bensun Energy, LLC, | ) ) ) | Case No. 1:14-cv-161 |
| Defendants. | ) | |

Before the court is a "Second Motion for Default Judgment Against Defendant Bensun Energy, LLC" filed by Plaintiff Leland Oil & Gas, LLC ("Leland"). For the reasons set forth below, the undersigned recommends that the motion be granted.

I. **BACKGROUND**

The above-entitled action was directly assigned to the undersigned upon its initiation in December 2014. Plaintiffs and Defendants Marsha and Saul Azar, d//b/a Illinois subsequently consented to having the undersigned conduct all further proceedings and enter final judgment pursuant to 28 U.S.C. § 636(c). (Docket Nos. 7 (Consent/Reassignment Form executed by Plaintiffs) and 23 (Scheduling/Discovery Plan, ¶ 16)).

The record reflects that Defendant Bensun Energy, LLC ("Bensun") was served on January 24, 2015. However, it has neither filed an answer nor otherwise responded.

On December 3, 2015, Leland filed a "Second Motion for Default Judgment Against Defendant Bensun Energy, LLC." It avers: (1) Bensun was properly served; (2) following service, Leland's counsel twice had contact with Bensun's owner and in each instance advised Bensun's

1

owner that Bensun needed to formally respond to Leland's complaint; (3) Bensun has to date failed to file an answer or otherwise file a responsive motion.

Because the record is devoid of any clear and unambiguous expression of Bensun's consent to the undersigned's exercise of jurisdiction, the undersigned makes the following recommendation as to how the court should construe/dispose of Leland's motion. See Henry v. Tri-Services, Inc., 33 F.3d 931, 932 (8th Cir. 1994) (holding that a magistrate judge lacked authority to enter final judgment where the record contained no clear statement of consent by a party which had not yet entered appearance in the action); see also Jack Tyler Eng'g Co. v. Colfax Corp., No. 10–02373, 2011 WL 384614, at *4 (W.D. Tenn. Feb. 3, 2011) (holding that a magistrate lacked jurisdiction to enter default judgment absent defendant's consent); Vogel v. U.S. Office Prod. Co., 258 F.3d 509, 515 (6th Cir. 2001) (citing 28 U.S.C. § 636(c)(1) for the proposition that "[o]nly in cases where parties consent to a magistrate judge's exercise of plenary jurisdiction, may the magistrate judge issue effective rulings on all matters, including dispositive motions.").

## II. DISCUSSION AND RECOMMENDATION

Bensun was served with a copy of the summons and complaint through its registered agent on January 24 2014. (Docket No. 13) Such service appears to be in compliance with Rule 4 of the Federal Rules of Civil Procedure. Bensun had twenty-one (21) days from the date of service to file an answer or otherwise file a responsive motion. See Fed. R. Civ. P. 12(a) and (b). To date, no answer has been filed nor any appearance made on behalf of Bensun. On December 2, 2015, the Clerk filed an entry of default against Bensun pursuant to Rule 55(a).[1]

---

[1] On August 6, 2015, Leland filed a "Motion for Default Judgment Against Defendant Bensun, Energy, LLC" pursuant to Fed. R. Civ. P. 55. On the undersigned's recommendation, the court denied the motion without prejudice. It further directed the Clerk to treatment Leland's motion as a request for entry of default and enter default against Bensun Energy.

2

It is evident from the materials submitted by Leland that Bensun has failed to appear; is not a minor, an incompetent person, a member of the military, the U.S. government, or a federal officer or agency; and the damages are a sum certain or can be made certain by computation. Accordingly, the undersigned **RECOMMENDS** that the court grant Leland's second motion for default judgment (Docket No. 41) and direct the Clerk of Court to enter default judgment against Bensun and in favor of Leland in the amount of $205,781.10 plus interest as provided by law. See Fed. R. Civ. P. 55(b).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 15th day of January, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court