# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Leland Oil and Gas, LLC, and K & R Roustabout, Inc., ) ) ) | |
| Plaintiffs, ) ) | **ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. ) ) | |
| Marsha Azar and Saul Azar dba Illinois Energy, and Bensun Energy, LLC, ) ) ) | Case No. 1:14-cv-161 |
| Defendants. ) | |

Plaintiffs Leland Oil & Gas, LLC ("Leland") and K & R Roustabout, Inc. initiated the above entitled action on December 17, 2014. Leland asserts claims against Defendants Marsha and Saul Azar d/b/a Illinois Energy for breach of contract, breach of warranty of title, conversion, and fraud arising out of the Azars' alleged failure and refusal to effectuate the transfer of the Davis State 34-35 well and Sullivan 1-23 to Leland and Defendant Bensun Energy, LLC ("Bensun"). In its prayer for relief, Leland requests, inter alia, judgment against the Azars in an amount equal to its lost profits dating back to June 12, 2012, and an order compelling the Azars to perform any and all actions necessary to effectuate the transfer of the Davis State 34-35 well and Sullivan 1-23 well to Leland and Bensun.

On October 23, 2015, Leland filed a "Motion for Partial Summary Judgment Against Defendants Marsha Azar and Saul Azar, dba Illinois Energy." Averring that there are no material facts in dispute, it requests the court to make the following legal determinations:

1. Defendants Marsha and Saul Azar d/b/a as Illinois Energy are legally obligated to complete and file all necessary documents with the North Dakota Industrial Commission to effectuate a change of operator of the Sullivan 23-1 and Davis State 34-36 wells to Leland, including but not limited to, Notice

1

of Transfer of Oil and Gas Wells-Form 15;
    2.  Neither Leland, K and R Roustabout, Inc., nor Bensun Energy, LLC have any legal obligation to secure or provide further services to fix, maintain or service the McMahon State 1 well; and
    3.  Leland Oil & Gas, LLC and Bensun Energy, LLC have fully performed all of their contractual obligations owed Azar.

(Docket No. 36).

The Local Rules provide in relevant part that the adverse party has 21 days after service of a dispositive motion to file a response. See D.N.D. Civ. L.R. 7.1(A)(1). They further provide that a party's failure to file a response within the prescribed time may subject the motion to summary ruling and may be deemed an admission that the motion is well taken. See D.N.D. Civ. L.R. 7.1(A)(3) and (F).

Approximately three months have lapsed since Leland filed its motion and the Azars have yet to file a response. The Azars failure to timely respond is deemed an admission under the Local Rules that the motion is well taken. Accordingly, Leland's "Motion for Partial Summary Judgment Against Defendants Marsha Azar and Saul Azar, dba Illinois Energy" (Docket No. 35) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
